NO. 07-08-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 19, 2009
_____

CHRISTOPHER L. LANGS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,041; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Christopher L. Langs (appellant) appeals his conviction for robbery by contending that the evidence was legally and factually insufficient to sustain it. That is, the evidence purportedly failed to illustrate that he committed the crime, that the crime was committed in Lubbock County, that the taking was without consent, or that the victim suffered bodily injury during the course of the theft. We affirm the judgment.

*Authority*

The standards by which we review a challenge to the sufficiency of the evidence are well-settled and need not be explained. They can be found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny.

Next, to convict appellant of robbery per the indictment at bar, the State was obligated to prove, among other things, that a theft was committed and that during the theft the accused intentionally, knowingly, or recklessly caused bodily injury to another. TEX. PENAL CODE ANN. §29.02(a)(1) (Vernon 2003). Additionally, theft occurs when a person unlawfully appropriates property with the intent to deprive the owner of it. *Id.* §31.03(a) (Vernon Supp. 2008). Next, the appropriation is unlawful if it occurs without the owner's effective consent. *Id.* §31.03(b)(1). Finally, the elements of a crime may be established through direct or circumstantial evidence or reasonable inferences arising from that evidence. *Wiggins v. State,* 255 S.W.3d 766, 771 (Tex. App.–Texarkana 2008, no pet.); *Roberson v. State,* 16 S.W.3d 156, 167 (Tex. App.–Austin 2000, pet. ref'd).

*Application of Authority*

The record before us illustrates that a black male wearing a white "hoodie" approached a group of people returning to their jobs at a local high school after lunch. As he approached them, he grabbed the purse being held by a woman and ran away with it. As a result of the purse being grabbed, the woman fell and bruised her knees. So too did she tell an officer that she suffered pain in her shoulder. Nonetheless, she arose, gave chase, and yelled for him to stop.

2

Others in the area either saw the event or saw a black man wearing a white hoodie running with a purse. This man stopped in front of one witness long enough for the witness to see his face. That witness identified the individual as appellant and then engaged in the pursuit as well. The appellant was followed as he ran several blocks. At times, the pursuers lost sight of him, but each time they did, they would soon spy a black man with a white hoodie running and resume the chase. During one stint, the hooded man was seen running into an alley with the purse and exiting without it.

Eventually, the man was found under a set of stairs in a nearby apartment complex. When encountered, he was found to be winded. He also asked his pursuer if he could sit down since he was tired. This individual was later arrested by the police, and a search of his person disclosed that he had $23 on his person. The woman who owned the purse testified that about $23 to $25 was missing from it when it was discovered in a yard adjacent to the course taken by appellant.

As previously mentioned, the witness before whom the hooded man momentarily stopped, testified that the man and appellant were one and the same. So too did the victim testify that the man who the police arrested was the person who had taken her purse. The arresting officer testified that the person who he arrested identified himself as "Mr. Langs."

The foregoing is some evidence from which a rational jury could conclude, beyond reasonable doubt, that appellant was the hooded man who took the purse. So too could such a jury conclude, beyond reasonable doubt, that the purse was taken without the consent of its owner. Indeed, that the purse was taken through force, that the person who took it fled the scene, and that the purse owner both yelled for him to stop and then gave chase cannot permit any other reasonable inference. And, to the extent that the term

3

bodily injury (for purposes of the robbery) encompasses "physical pain, illness or any impairment of physical condition," TEX. PENAL CODE ANN. §1.07(a)(8) (Vernon Supp. 2008), the bruising on the victim's knees (which indicates broken blood vessels) and her shoulder pain was sufficient evidence to permit the jury to hold, again beyond reasonable doubt, that appellant caused another to suffer bodily injury during the theft.

As for the matter of venue, two witnesses testified that the high school and surrounding area were in Lubbock County. Furthermore, no one objected to their testimony. Thus, it was admitted for all purposes. *Klein v. State,* 273 S.W.3d 297, 318 (Tex. Crim. App. 2008).

It may well be that the witnesses momentarily lost sight of appellant as he ran away. But, they would always encounter him again. And, we are cited to no evidence that someone other than appellant was black, running through the area while wearing a white hoodie and carrying a purse, and found winded hiding under stairs. And, that the victim may not have told the officers, at the time of the incident, about one or another of her sufferings caused by appellant's aggressive act simply raised a credibility issue for the jurors to resolve. Contrary to appellant's contentions, none of those things were enough to call the verdict into question, much less render it manifestly unjust. Consequently, we conclude that the jury's decision has the support of both legally and factually sufficient evidence.

Appellant's issues are overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4